JOHN WALLWORK

*v.*

WILLIAM M. DERBY *et al.*

1. TRUSTEES' SALES — *conveyance by a trustee of more property than was sold.* Where a trustee, named in a deed of trust given upon real estate to secure a debt, sells a part of the premises, and makes a conveyance to the purchaser of such part for more land than was sold, this will be regarded as such misconduct on the part of the trustee as will compel the setting aside of the sale.

2. CONSTRUCTION *of a deed — as to the quantity of land sold.* A deed of trust was given, conveying two separate, though adjoining, tracts of land, with power in the trustee to sell the premises entire, without division, or in parcels, as he might think best. The trustee advertised the land as described in the deed, to be sold. The deed from the trustee to the purchaser at this sale, recited that the grantee "bid for the tract first herein after named," a certain sum; then the deed purported to convey both the tracts, describing them, as in the deed of trust, by their government numbers, and as containing, together, a certain number of acres. *Held,* that the recital in the trustees' deed showed that only one of the two tracts of land was sold.

3. DEEDS — *partly printed and partly written.* Where parties make use of a printed blank deed, filling the blanks in writing, the printed part is as much a part of the deed as the written portion, and a party is as strongly bound by the printed as by the written parts.

4. SWORN ANSWERS IN CHANCERY — *when the oath of the defendant is waived — effect thereof.* The filing a sworn answer to a bill in chancery, wherein the oath of the defendant is expressly waived, is bad practice, and will not avail the party, to exalt what is mere pleading, to the dignity of evidence.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a suit in chancery, instituted in the court below, by John Wallwork against William M. Derby and Henry S. Monroe. The object of the bill was, to set aside a sale and conveyance made by the defendant Monroe, to the defendant Derby, of two tracts of land in Cook county, under a deed of trust from one Charles Roadnight and wife to the said Monroe, with power of sale, to pay certain notes from Roadnight to Derby. The cause was tried in the court below, and the bill dismissed, from which decree the complainant has prosecuted his appeal to this court.

The facts in the case are fully stated in the opinion of the court.

Messrs. SCATES, BATES & TOWSLEE, for the appellant.

Messrs. MONROE, McKINNON & TEWKESBURY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents but one point which we deem worthy of consideration.

Two separate tracts of land, particularly described by their government numbers, were conveyed by Roadnight and wife to Monroe, in trust, to sell, in the event that certain notes Roadnight had executed to Derby were not paid. The lands were again sold by Roadnight to the complainant, Wallwork, described as in the deed to Monroe, subject to this deed.

In the deed to Monroe, is this clause:

" And also to sell said premises entire, without division or in parcels, as the said party of the second part (Monroe), may think best."

Under the power to sell, contained in the deed with this clause in it, one note for $1,800, remaining due to Derby, and unpaid, Monroe, the trustee, at Derby's request, advertised the land, as described in the deed, to be sold at public auction. At this sale, it appears in the recitals of Monroe's deed, that Derby

" bid for the tract first herein after named, the sum of $1,600."
The tract first therein after named in the deed, is the east half
of the S. E. 32, town 42, N. range 11, east of the third
principal meridian.  This is the tract Derby bid off, but the
trustee conveyed to him in addition the other tract, viz: All
that portion of the east half of N. E. of 32, lying south of the
railroad, as it crossed that section on the 10th day of July,
1862, containing $100\frac{21}{100}$ acres, more or less.

The theory of appellees is, that the two tracts were but one
parcel of land, and constituted a farm, on which there were no
division fences, or visible dividing lines, and that a bid for one
of the tracts covered the other of necessity.  That both
together made up " the premises," which the trustee advertised,
and intended to and did sell.

This does not appear from any of the deeds.  They all
describe two distinct parcels of land, containing in the aggre-
gate $120\frac{20}{100}$ acres.  They were " the premises " authorized to
be sold, with no recital that they made a farm, or were united
for any practical purpose.  No information by the deed or by
the advertisement of sale by the trustee, that they were any
other than two separate but adjoining tracts of land, contain-
ing together a certain number of acres.  Nor does it appear,
that any notice was given, that they would be sold together as
a farm.

What, then, did Derby buy?  Can it be said he bought
any thing more than he bid for?  Bidding for the first de-
scribed tract, and being the highest bidder, entitled him, possi-
bly, to a deed for that tract, but what right did it confer upon
the trustee to throw in the other tract gratuitously?  Derby
did not bid on that, nor did he bid on the premises taken as a
whole, but he bid for the first described tract only.  The last
described tract was not offered for sale.  We are at a loss to
perceive the right of the trustee to convey to him both tracts,
when he only purchased one.  We think the trustee has not,
in this, executed the power.  He could sell the property entire
or in parcels.  His deed should show how he sold it.  By
reference to that, it appears he offered the premises as an en-

tirety, and Derby bid for one tract composing a portion of the premises, and received a deed for the whole premises. Counsel for appellees say, the deed was written on an ordinary printed blank form, and the blanks filled up as circumstances required, and that in the printed part of the recitals contained in this deed, and before the premises, occur the terms to which we have adverted, "and bid for the tract first herein after named the sum of, etc."

Is not the printed part of a deed as much a part of the deed as the written portion, and is not a party as strongly bound by the printed as by the written parts? After this recital comes the granting clause, by which there is granted to Derby, on his bid for one tract, all those certain tracts, pieces or parcels of land situated, etc., and described as follows, to wit: The east half of the south-east quarter of section 32, town 42 N. range 11 west; and also that portion of the east half of N. E. 32 lying south, etc. Had bidders been apprized by the notice, that the purchaser of one tract would be entitled to both tracts, and that they formed but one parcel, bidding would, doubtless, have been more spirited, but no such fact was notified to the public, nor does the trust-deed, in any part of it, state that those tracts of land constituted but one parcel, occupied as a farm. Had the notice of sale so stated, and the deed of the trustee recited the fact, that the tracts were offered for sale as one parcel, a sale under the general description of premises would, perhaps, have included both tracts. It is said by appellees, that it was a mere blunder of the scrivener who drew the deed that the obnoxious printed word, "first," was not stricken out, and that no equities on the part of appellant could grow up out of such a blunder, and that the assumption of appellant that he has such an equity is a very extraordinary assumption in the face of the deed itself, the sworn and uncontradicted answers of the defendants, and proofs in the case. Again, appellees say, that, upon the face of the deed itself, it plainly appears Monroe sold, and Derby purchased the entire premises therein described, and not a part. And to substantiate this, they propose to leave out of view their sworn and

uncontradicted statements in their answers, and consider only the proper construction to be placed on those deeds.

Again, they say, "thus far we have been considering the case upon the hypothesis that the deed itself was the only evidence in the case of the intention of the parties thereto. But, when we take one step further, and glance into the record, we there find that the bill is not only filled with foul charges, but wishing to purge the conscience of the defendants, asks for a discovery under oath, and this the defendants have fully and fairly given, making plain, beyond a doubt or question, that which might otherwise be considered as debatable."

Again, they say, under the same head of argument: ".Here, then, in addition to the deed itself, are the answers of these two defendants called for and given under oath, directly responsive to the bill, uncontradicted and uncontradictable, asserting, not merely as a matter of opinion, but proving absolutely, as a matter of fact, that the trustee offered for sale and sold, and the defendant Derby purchased and paid for, the entire lands described in the deed." And, in support of this, they refer to the old rule of chancery practice, that, where an answer, thus called for under oath, is responsive to the bill, it shall be taken as true, unless disproved by two witnesses, or by one witness and pregnant circumstances to overthrow and disprove it.

And, on the point of tender alleged by complainant, appellees say: "Derby, in his answer under oath, says, etc." And, again: "Here, then, we have the sworn answers of both defendants, denying positively and unequivocally these statements in the bill."

We have made these quotations from the printed argument of appellees for the purpose of making some strictures thereon which they seem to require. We cannot believe it was the hope or design of appellees to impose upon the court, by attempting to pass their answers upon the court as having the character they have given them, and exalting what is mere pleading to the dignity of evidence, and alleging, that such answers were called for by complainant in his bill. We must believe, out of the high respect we entertain for the counsel of

appellees, that their treatment of these answers, as answers under oath, and as such, *called for* by complainant, has arisen from inadvertence, with no design to mislead the court, or to derive an advantage to which the law does not entitle them; at the same time we cannot but express our surprise they should have so regarded the bill, and put in sworn answers, when, in the bill, are found these statements: " That they, and each of them, be required to answer all and singular the matters and allegations herein before set forth, according to the rules and practice of this honorable court, *without oath, an answer under oath being hereby expressly waived.*"

It is, as we have had occasion heretofore to remark, bad practice to put in sworn answers to a bill wherein the oath of the defendant is expressly waived, and have rebuked counsel for so doing. But they derive no advantage from it, and can derive none, for the court will certainly find out the true nature of the pleadings, and never suffer what is but pleading — the mere declarations of a party — to assume the character of evidence, to be overcome by countervailing testimony.

These various allegations then, in the defendant's answers, are in no sense evidence; they are mere allegations of pleading, and avail nothing as evidence for the parties making them.

Disregarding the answers, the case must rest on the naked deed from the trustee to Derby, and this most unmistakably recites a bid of $1,600, $200 less than the amount due on the land, for the first named tract, under which bid, the trustee conveyed to Derby both tracts. This we conceive was such misconduct on the part of the trustee as to compel the setting aside the sale. We say nothing on the point of inadequacy of price — that of itself might not be sufficient ground for our interference. Our objection rests on the simple fact, that the trustee has conveyed a tract of land he did not sell; we agree to the rule, so strenuously urged upon our attention, that the intention of parties to a deed must prevail, but that intention must be gathered from the words of the deed, and surrounding circumstances. The words in this deed are express and unambiguous, and no circumstance attending the sale invites us to construe

the deed differently from what we have done.  The decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*