# Brunson *et al. v.* Morgan *et al.*

*Bill in Equity for Specific Performance.*

1. *Adverse possession, as between mortgagor and mortgagee.*—The possession of the mortgagor, before the law-day, is not adverse to the mortgagee; especially where the mortgage contains an express stipulation, that, until the payment of the debt, he will hold the property as the tenant of the mortgagee, or of the trustee named in the mortgage.

2. *Sale under power in mortgage.*—A sale of lands under a power in a mortgage, the mortgagee becoming the purchaser, but receiving no deed from the trustee, cuts off the equity of redemption equally with a decree of foreclosure in equity; and the validity of the sale not being impeached by the mortgagor within the time allowed by law, the mortgagee, or an assignee and purchaser claiming under him, may maintain a bill in equity to compel a divestiture of the legal title.

3. *Lands belonging to partnership.*—When lands are bought for partnership purposes, with partnership funds, are held as partnership property, and sold under a power in a mortgage executed in the partnership name, the purchaser is entitled to a divestiture of the legal title out of one of the partners who is in possession under the mortgage.

APPEAL from Pike Chancery Court.

Heard before Hon. THOS. W. COLEMAN.

This was a bill filed by the appellee, Sallie Morgan, M. L. Morgan, her husband, and Silas Brunson, against Matthew Brunson and C. S. Lee, and sought to have the title to a certain tract of land described in the bill divested out of the defendants and invested in the complainants. The facts as they appear in the record are sufficiently stated in the opinion of the court. The defendants demurred to the bill on the ground, among others, of misjoinder of parties defendant. The chancellor overruled said demurrer, and the defendant Brunson pleaded title to the land in controversy by adverse possession; while a decree *pro confesso* was taken against the defendant Lee. On final hearing, the chancellor decreed that the complainants should have the relief prayed for. The defendants appealed, and now assign the ruling of

the chancellor on the demurrers, and his final decree as error.

GARDNER & WILEY, and W. D. ROBERTS, for appellants.

PARKS & SON and H. L. MARTIN, *contra.*

CLOPTON, J.—The only defense set up by Matthew Brunson is adverse possession and claim of ownership under a parol gift of the lands by his father, Matthew Brunson, Sr., in 1865.   In March, 1871, M. & S. Brunson, a firm composed of Matthew Brunson and Silas Brunson who is one of the complainants, with Matthew Brunson, Sr., executed a mortgage, which included the land in controversy, to M. H. Amerine as trustee, to secure a note which M. & S. Brunson gave to Gary & Hudson payable October 1, 1871.   Matthew Brunson, though he did not sign the mortgage, joined in making it, as is shown by his own evidence.   By its terms the mortgagors covenanted and agreed that, until the note is paid, they would hold the property as tenants of the trustee. Without this stipulation, the mortgagors did not hold adversely to the mortgagees, and do not, especially when they admit in the mortgage that they are in possession as tenants of the trustee.

On January 30, 1872, the trustee sold the lands under a power of sale contained in the mortgage, and Gary & Hudson became the purchasers, but no deed to them was executed by the trustee.   A foreclosure under a power of sale cut off the equity of redemption as effectually as a foreclosure by a decree of a court of equity; and the validity of the sale not having been impeached, the purchasers are entitled to have vested in them, whatever legal title and estate was in the mortgagors, who acquiesced in the sale, until the bill was filed about fourteen years thereafter.

Gary & Hudson in February, 1872, sold and transferred the lands to Stoudenmire & Co., and the trustee transferred to them the mortgage with all the rights, powers and privileges in him vested.   By the sale and transfer, Stoudenmire & Co. succeeded to all the rights and equities of the mortgagees and purchasers at the mortgage sale.   By the sale and conveyance of Stoudenmire & Co. in November, 1881, to Silas Brunson, and of Silas Brunson, in January, 1882, to Sally Morgan, one of the complainants, the latter succeeded to all the rights and equities of Silas Brunson, who succeeded

[Handley et al. v. Heflin et al.]

to all the rights and equities of Stoudenmire & Co. After the sale of the lands to Stoudenmire & Co., Matthew Brunson went into possession as their tenant and in recognition of their title. Under these circumstances, he can not avail himself of the defense of adverse possession. Not having signed the mortgage to Amerine, the legal title, if he had any, did not pass out of him thereby. The complainants have a right to have whatever title and estate is in him divested, and for this purpose he is a necessary party.

Charles S. Lee, the other defendant, was a member of the firm of Stoudenmire & Co. The conveyance to Silas Brunson was executed in the firm name. The bill alleges, that the lands were purchased and held by them as partnership property, and that Lee received his portion of the purchase-money. By suffering a decree *pro confesso* to be taken against him, he admitted the allegations of the bill. On these allegations, complainants are entitled to have whatever title and estate is in him divested, and vested in them.

Affirmed.