## Bradford v. Carpenter.

1. Recorded Lien on Real Estate — Notice to Purchasers.— A purchaser of land covered by a recorded trust deed, the debt thereby secured being past due, and taking by quitclaim deed from the same grantor, has sufficient knowledge to put him on inquiry as to an unrecorded trustee's deed, executed in pursuance of the trust. Failing to make inquiry he is chargeable with notice thereof.

2. Trustee's Deed — Mistake of Scrivener May be Shown and Deed Reformed.— The trustee's deed recited that the grantee, being the highest and best bidder at the sale, "bid for the tract first hereinafter mentioned the sum of $50." The deed then conveyed, in consideration of $50, several distinct tracts, all of which were included in the trust deed. *Held* that, as against a purchaser by quitclaim from the original owner with knowledge of the trust deed and constructive notice of the proceedings under it, plaintiff, claiming under the grantee in the trustee's deed, could show that all of the tracts were in fact advertised and bid for by such grantee, and sold to and intended to be conveyed to her by the trustee, and that the recital quoted above was so drawn by a mistake of the scrivener.

*Appeal from District Court of Pueblo County.*

In January, 1877, one Cowles, being the owner in fee of certain premises in the city of East Pueblo, executed thereon, to secure the payment of a promissory note bearing even date therewith, a certain trust deed to Charles E. Gast, as trustee. Upon default by Cowles in making payment of the secured note according to the tenor thereof, the trustee, having first duly advertised for sale the premises described, on the 2d of June, 1877, sold and conveyed the same by a trustee's deed to Cynthia J. Carpenter. Appellee Beauford Carpenter succeeded to the title thus acquired as heir at law of the said Cynthia J. Carpenter upon her decease.

The trustee's deed recites that Carpenter, being the highest and the best bidder, "bid for the tract first hereinafter named the sum of $50." It then proceeds: " * * * that the said party of the first part, * * *

in consideration of the sum of $1, and also the further sum of $50, to the said party of the first part paid, * * * hath and doth hereby remise, release and quitclaim to the said party of the second part * * * all of fractional block 1; all of fractional blocks 14 and 15; lots 1, 2, 3, 4, 5, 7, 8 in block 17; lots 10, 11, 12, 13, 14 and 15 in block 2. * * * "

The trust deed aforesaid was duly recorded, at or about the date of its execution, by the clerk and recorder of the proper county; but the trustee's deed above mentioned was not filed for record until May 29, 1882. In the meantime, and on the 6th day of December, 1881, Cowles executed and delivered a quitclaim deed conveying the same premises to appellant, Thomas A. Bradford. It does not appear that the premises in controversy were used for residence or business purposes, or that they were actually occupied by either of the parties, though there is some testimony tending to show that appellee leased the same and that appellant caused to be erected one or more *corrals* thereon.

Carpenter brought this action in the court below for the purpose of procuring the cancellation, as a cloud upon his title, of the quitclaim deed to Bradford; and Bradford in turn, after denying and putting in issue the material averments of the complaint, sought by cross-bill to enjoin the plaintiff from making any claim to or upon said premises, and to compel plaintiff to execute to him a deed therefor. Bradford, at the time of his purchase, knew that the trust deed to Gast had been duly executed and recorded; but, according to his own testimony, he did not know that the property had been sold thereunder and that the trustee's deed had been executed and delivered to Cynthia J. Carpenter.

The cause was referred to a referee to take and report the testimony. Upon the incoming of such report, and after due consideration of the case, a decree was entered by the court in favor of plaintiff. To reverse this decree the present appeal was taken.

Mr. G. Q. RICHMOND, for appellant.

Messrs. PATTON & URMY, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Bradford was informed by the trust deed that his grantor had parted with the legal title, and retained only a contingent interest, termed by some authorities "an equity of redemption." From this instrument he also learned that, upon default in the payment of either the principal or interest represented by the note secured, the trustee, upon giving thirty days' notice by publication, might sell the premises, and thus cut off the last vestige of his grantor's equity therein. Moreover, the trust deed apprised him that the debt secured had been for more than four years past due. His abstract of title showed no release deed or recorded extension of the indebtedness.

The foregoing circumstances, coupled with the fact that he took title by quitclaim, were, in our judgment, amply sufficient to put Bradford upon such inquiry as would probably have resulted in a discovery of the sale and existence of the unrecorded deed. Having failed to make this inquiry, he must be charged with knowledge accordingly. The recording statute does not so operate as to excuse or protect him. In *Farrar v. Payne*, 73 Ill. 82, the court said: "The recording of the trust deed gave notice of its existence to subsequent claimants of the equity of redemption, and pointed out the source of information of what might be done in pursuance of the deed, and they were bound to take notice of the proceedings thereunder. * * * The subsequent proceedings under the deed of trust were connected with and in aid of the title conveyed by that deed." We must therefore assume that Bradford, at the time of his purchase, had notice of the sale, and unrecorded trustee's deed. The good faith of the trustee is apparent. His acts, up to the execution of the trustee's deed, are undoubtedly regular;

and, if this conveyance be sufficient in form, it divested Cowles of the contingent interest or equity of redemption which he retained.

It is contended, however, that the trustee's deed is wholly insufficient to produce this result. Counsel for appellant insists that by the terms thereof only the tract or parcel of land described as "fractional block 1" was conveyed. It is asserted that Bradford, by virtue of his quitclaim deed, was entitled to the remaining lots and fractional blocks upon payment of the undischarged portion of the incumbrance. We are told that the granting clause of the trustee's deed is limited and controlled by the preceding recital, that Carpenter bid, "for the tract first hereinafter named, the sum of $50." It is said that the trustee could only convey to the purchaser what the latter bought; that he could not deed, as a gratuity to the purchaser, tracts upon which the purchaser did not bid. And the case of *Wallwork v. Derby*, 40 Ill. 527, is cited and confidently relied upon.

It is true beyond question that the trustee would grossly violate the condition of his trust were he to convey as a gratuity or otherwise premises the purchaser had not bid for or bought. No citation of authority need be made to such a proposition, nor would we deny Bradford's right to take advantage in this case of the trustee's misconduct, were he guilty of this violation of the trust.

Under the circumstances above recounted we do not think Bradford could claim any privilege or right that would be denied to his grantor in a suit relating to the property in controversy. But if Cowles, the grantor, had brought an action to redeem all of the parcels of land save "fractional block 1," basing his action upon the theory that the trustee's deed only conveyed the tract first therein described, a court of equity would surely have permitted the purchaser, under proper pleadings, to show the "surrounding circumstances," — that is, the circumstances attending the sale and execution of the

deed. He would have been allowed to prove that the deed did not correctly represent the contract between his deceased wife, whose agent he was at the time, and the trustee; that, by mistake of the draughtsman who prepared the instrument, the intention of the contracting parties was not expressed; the notice of sale and certificate of the publisher would have been received for the purpose of establishing the fact that the entire premises were duly advertised in accordance with the terms of the trust; that the tracts of land were first offered in parcels, but, there being no bids, they were offered and sold as an entirety, the sum named being the highest and best bid therefor; that the word "first," occurring in the reciting clause above mentioned, was in the printed part of the trustee's deed, and, by mistake of the scrivener, was permitted to remain when it should have been stricken out; that the bid was in good faith upon the entire property, and that the whole, not a small fraction thereof, was bought. If he thus established, beyond a fair and reasonable doubt, that a mistake had been made in reducing to writing the intent of the parties, a court of equity would reform the instrument according to the true intent, or would grant such other relief as would be adequate for his protection. Kerr, Fraud & M. 418 et seq. and cases cited.

There can be no doubt whatever, in view of the evidence before us, but that the trustee's deed under consideration, owing to a mistake of the kind above mentioned, does not express the agreement of the parties thereto; and we think the court below was justified in the course pursued.

The case of *Wallwork v. Derby, supra,* differs in some important particulars from the case at bar. There no proofs were offered establishing, or tending to establish, as a matter of fact, that any mistake was made. So far as we can learn from the record, the position mainly urged upon the court was that the two tracts mentioned

in the trustee's deed constituted one and the same farm; that they were originally conveyed as a single tract, and not as two distinct parcels of land. In the absence of all extrinsic proofs, the answers, though sworn to, not being regarded as evidence, and relying solely upon the instrument itself, the court held the deed sufficient to convey but one of the tracts. Had proofs there, as here, been offered, the pleadings permitting, sufficient to establish beyond a reasonable doubt such facts connected with the transaction as we have before us, we do not think the decision would have differed from the views we have adopted.

The judgment of the court below is affirmed.

*Affirmed.*