## HOWZE ET AL. *v.* ROOK LUMBER CO.

[79 South. 98, Division A.]

TAXATION. *Sale for taxes. Right of purchaser.*

> Where land was sold for taxes, and between the sale and the time for redemption the delinquent owners sold a house on the land to defendants, who tore it down and used the lumber for building on other lands, in such case the purchaser, at the sale, could recover the value of the house, but had no lien upon the other land upon which the house was reerected therefor.

APPEAL from the chancery court of Covington county. HON. D. M. RUSSELL, Chancellor.

Suit by the Rook Lumber Company against Mrs. Mamie Howze and another. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*G. H. Merrell,* and *Mounger & Bishop* for appellant.

The theory of this bill is that appellees have an equitable lien on the land to which the house was removed and the idea, too, seems to be that the equitable lien results from the facts that the lumber was attached to the land and as the lumber was the property of appellees, the wrongful attachment of the same by the appellants to the land gave the appellees a lien on the land. We are familiar with the idea that what is wrongfully attached to the land by a trespasser on land becomes a part of the real estate. But we know of no case or authority holding the doctrine that the wrongful placing of personal property of another on real estate gives the owner of the personal property a lien on the land. Under the allegations of this bill the appellees certainly did not have an equitable lien on the land and the order of the court decreeing the land to be sold was certainly erroneous. Such a lien results from contract expressed, or implied and in writing, see 25 Cyc., page 665.

The house was sold to appellants and removed by them within the two years allowed for redemption. not only when the owner was in actual possession, but when the owner had the right to possession. See *Pool* v. *Ellis,* 64 Miss. 555.

It is evident from the record that appellants got possession of this house rightfully and were not trespassers. If appellants got possession of the house

rightfully the appellees certainly would have to show that appellants wrongfully refused to deliver the property at a time when they had a right to demand it before they could obtain a decree for the value of the property.

As no facts were alleged in the bill sufficient to constitute an equitable lien on the land, it seems to us that the suit here is nothing more than an action in the chancery court for trover and conversion. 38 Cyc., page 249; 64 Miss, 555; 38 Cyc., page 2032.

It seems to us that the bill with the exhibits fail to show that the appellees had title to the land described in the original bill or the house, and that the decree should be reversed and remanded and appellants given a chance to make a defense in this case.

*E. L. Dent,* for appellant.

It would be absurd to contend that the appellee had any kind of a lien on the lands of appellants to which the buildings were removed and this would be true if they had stolen the house. But the bill shows that they paid one hundred and twenty-five dollars for it, the same amount of the judgment against them which was taken on a decree *pro confesso,* without proof.

It is nowhere in the pleadings that the value of the buildings was one hundred and twenty-five dollars so the court evidently erred in giving judgment for that amount, when the appellee asks for judgment for five hundred dollars the value of the buildings at the time of the tax sale, and it gave this judgment against the appellants without any kind of proof whatever.

In the case of *Hursey* v. *Hassam & Pooley,* 45 Miss. 133, this court held, that: ''It is very clear that if the plaintiff fails to establish his lien on the

property, he is not entitled to a general judgment against the defendant.''

The final judgment is not predicated on the allegations in the bill which were confessed by the decree *pro confesso,* in that the bill alleges the value of the buildings at five hundred dollars at the time of the alleged tax sale, and prays for judgment for that amount, whereas, without any proof whatever, the final judgment is for only one hundred and twenty-five dollars and a lien on about two hundred acres of land.

We contend that the tax sale was void; that the bill states no cause of action against these appellants; that the court was without jurisdiction in the premises and that the final judgment was absolutely void as it was rendered when an answer was on file undisposed of.

As was said in the case of *Hambrick* v. *Dent,* 11 So. 608, Justice CAMPBELL, rendering the opinion of the court: ''The judgment in this case must be reversed because is was rendered when there was a plea undisposed of which was a full answer to the declaration—No statute authorizes a judgment in the state of case shown by this record, and such a statute would be intolerable.''

I respectfully submit that this case should be reversed and remanded, or as the bill states, no cause of action whatever, that the case should be reversed and judgment here for the appellants.

*Chambers & Trenholm,* for appellees.

Now with reference to the rights of appellee as a purchaser at this tax sale. In the case of *Poole* v. *Ellis, et al.,* 1 So. 725, this court held that: ''Until the lapse of time in which the owner is permitted to redeem, the title of the purchaser is inchoate.''

2 Bouvier's Law Dictionary, p. 1527, defined the word, "inchoate" to mean, "that which is not yet completed or finished."

Appellee therefore had an incomplete title until the redemption period expired and his deed was delivered. Can it be inferred from this that appellee had no rights or title at all? Certainly not. Our statute even goes so far as to give a purchaser at a tax sale a lien on the property for the taxes, with damages and costs, if the taxes were actually due, though the sale should be declared for some other reason to be valid. It is impossible to conceive that the purchaser would have a lesser right where the sale was valid than where it was invalid  On the contrary he must have a greater right.

In 37 Cyc., p. 1451, under the subject of taxation we find the following: "A tax deed, although delayed in its issuance, may relate back to the time when the purchaser became fully entitled to receive it, or even to the time of the sale, when this is necessary to effect justice to all parties." *Memmingway* v. *Drew,* 47 Mich. 554; *Ins. Co.* v. *Bulte,* 45 Mich. 113.

The case of *Eureka Lumber Co. et al.* v. *Terrell,* 48 So. 628, is not officially reported. This is record No.13529. The facts in this case were, as shown by the report above referred to, that Terrell purchased land at a tax sale and that the land and timber were owned by separate parties but the timber was not separately assessed. The owner of the timber cut and removed it from the land (after the sale and before the redemption period had expired, according to the record). The trial court very properly held that as there was no separate assessment of the timber, the sale of the land carried the timber with it, and also held that the purchaser was entitled to recover the value of the timber so cut and removed from the

land after the sale to him, and before the redemption
period expired. This court, speaking through WHIT-
FIELD, C. J., said: "It follows, from this that Terrell
got title to the land and the timber at the tax sale.
Both the timber and the land were manifestly as-
sessed and both passed at the tax sale to Terrell.

These two cases, the case above and the case at
bar are, in our opinion, absolutely identical. The
standing timber was a part of the realty, the house
was a part of the realty. The standing timber was
cut and removed as personalty after the sale and
before the redemption period expired. The house was
torn down and removed as personalty after the sale
and before the redemption period expired. The stand-
ing timber was cut by its owner and a decree was
given against him for its value, the house was re-
moved by appellants who claim to be its owners, and
we say that the decree against them for its value
is eminently proper.

SYKES, J., delivered the opinion of the court.

The appellee purchased a certain lot in the town
of Collins at a sale made by the tax collector for
unpaid taxes. The tax deed was filed in the office of
the chancery clerk and the property was not re-
deemed within the period allowed by law. Situated
upon the lot sold for taxes was a house. Between
the time of the sale by the tax collector and before
the period of redemption had expired the delinquent
owner of the land sold the house to the appellants
for the sum of one hundred and twenty-five dollars.
The appellants tore the house down and used the
lumber from the same for some buildings on some
land owned by them.

After the redemption period had expired and the
appellee had been delivered its deed to this lot it

filed this suit in the chancery court against the appellants, the former owner of the land who had sold the house, and certain other parties. , The bill prayed for a personal decree against appellants for the value of the house, and also that a lien be established upon the land of appellants upon which they used the lumber. A final decree was entered granting a personal decree against the appellants for the value of the house, and also establishing a lien upon this land and decreeing that it be sold upon default of payment of the personal decree. From this decree an appeal is prosecuted.

That appellee is entitled to recover the value of the house is settled in the case of *Pool* v. *Ellis et al.*, 64 Miss. 555, 1 So. 725. There is no statutory or common-law lien upon the appellants' land. It was therefore error to so decree.

The decree will be affirmed as to the personal decree against appellants, and reversed as to the lien on the land.

*Affirmed in part, and reversed in part.*