No. 11,158.

PYLES, ADMINISTRATOR *v.* PORTLAND GOLD MINING CO.

Decided February 2, 1925.   Rehearing denied March 2, 1925.

Action in replevin.   Judgment for defendant.

*Affirmed.*

*On Application for Supresedeas.*

1.  TAXES AND TAXATION—*Tax Deed.*   When one obtains a tax deed, he is vested with all the rights of the former owner at the time of the sale.

2.  PLEADING—*Replevin—Title.*   In a replevin action involving improvements on real property, defendant could plead a tax deed under which it claimed title, although suit was brought before the time of redemption had expired, there being no redemption from tax sale thereafter.

*Error to the District Court of Teller County, Hon Arthur Cornforth, Judge.*

Mr. THORNTON H. THOMAS, for plaintiff in error.

Mr. E. B. UPTON, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin.   Judgment for defendant. Plaintiff has sued out this writ and applies for a supersedeas.

There is no dispute as to such facts which it is necessary to consider. Plaintiff sues as the administrator of a decedent who owned a lot and improvements thereon in the city of Victor. The 1919 taxes were not paid and the property was sold to Teller county. The 1920, 1921 and 1922 taxes were not paid, and were endorsed on the certificate of purchase. On June 19, 1923 the county assigned the certificate to one W. S. Rogers. Shortly thereafter Rogers commenced to wreck a building on the lot, and in August, 1923 sold some lumber therefrom to the defendant, a corporation. Before the time for redemption had expired, the administrator brought this action to recover from the defendant the possession of the lumber.

The plaintiff never redeemed nor attempted to redeem from the tax sale. A tax deed was issued to Rogers on November 30, 1923. If the plaintiff had redeemed, different questions would now arise. When Rogers obtained his tax deed he was vested with all the rights the former owner had at the time of the sale. Section 7426, C. L. 1921. He was then the party, and not the plaintiff, who had the right to the improvements. *Howze v. Rook Lumber Co.*, 118 Miss. 293, 79 So. 98. This situation existed at the time defendant filed its answer, and it was entitled to plead the fact of having a tax deed. 31 Cyc. 131. The plaintiff not having, after the issuance of Rogers' tax deed, any title to or right in the property, could not maintain this action.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.