## No. 11,189.

### BENNETT *v.* MORRISON, ET AL.

Decided December 21, 1925. Rehearing denied January 11, 1926.

Action to quiet title. Judgment for defendants.

### *Reversed.*

1. QUIETING TITLE—*Defense.* The defendant in a suit to quiet title can not question the right of plaintiff unless he can show title in himself.

2. TRUST DEED—*Sale—Rights of Grantor.* Where property was regularly sold under a trust deed, after a lapse of 25 years the rights of grantor were completely extinguished, even though the trustee's deed under the sale was neither delivered nor recorded.

3. *Sale—Purchase by Beneficiary.* Where the beneficiary purchases the property at a trustee's sale under a trust deed, it is not necessary to show payment in cash.

4. QUIETING TITLE—*Innocent Purchaser—Notice.* In an action to quiet title, defendants were not innocent purchasers without notice, where, when they purchased the property a trust deed

25 years over due appeared of record, together with a series of conveyances culminating in plaintiff's title.

5.   APPEAL AND ERROR—*Cross Error.* A special finding against defendant in error will not be disturbed on review, where no cross error was assigned thereon.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. DONALD C. MCCREERY, Mr. HUBERT D. WALDO, JR., for plaintiff in error.

Mr. GEORGE H. LERG, Mr. GEORGE A. CHASE, for defendants in error.

*Department Three.*

MR. JUSTICE DENISON, sitting for MR. JUSTICE CAMPBELL, delivered the opinion of the court.

PLAINTIFF in error was defeated in a suit to quiet title to lots 22 and 23, block 34, Evanston Second Filing, in Denver. The court found that she had not maintained her title by her proofs, and that defendants had shown title, and gave them judgment accordingly. The court, however, specially found that defendants had not maintained their third defense which alleged fraud by plaintiff in obtaining possession and that her tenant was really their tenant. The parties claim under one Hipp, a common grantor, the plaintiff in error by virtue of a trust deed made in 1890 and a trustee's deed thereunder in 1898 or 1899, which latter deed was never recorded; and the defendants in error under a quitclaim deed made in 1922. The plaintiff in error makes the point that the evidence shows no title in the defendants in error. We think that is right.

The defendant in a suit to quiet title cannot question the right of a plaintiff unless he can show title in himself. *Empire Co. v. Bender,* 49 Colo. 522, 113 Pac. 494; *Wall v.*

*Magnes,* 17 Colo. 476, 30 Pac. 56; *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694. Did the defendants show any title? Hipp quitclaimed to Mary T. Chase in 1922, and told her that he neither had nor claimed any title at that time. She shortly afterwards conveyed to the defendants. Hipp had no title. It is claimed that there is not sufficient evidence to show a sale and the execution of the trustee's deed under the deed of trust, and that therefore he had title. The deed of trust was given by Hipp in 1890 to Clark for the use of the Evanston Real Estate Investment Company. Hipp, the grantor in the deed of trust, and the person most interested adversely to the sale, testified that he was present at the sale held at the Tremont street door of the court house in Denver; that the trustee, Rufus Clark, read the notice, offered the property in question for sale, and that Enos Miles, attorney for the beneficiary, bid it in for the beneficiary. This evidence was not contradicted or called in question in any way. What equity, then had Hipp? Chancellor Kent held that after a lapse of 16 years the mortgagor could not question the regularity or sufficiency of the notice of sale. *Demarest v. Wynkoop,* 3 Johns. Ch. (N. Y.) 129, 134, 8 Am. Dec. 467, 476; *Bergen v. Bennett,* 1 Caines Cases in Error (N. Y.) 1, 2 Am. Dec. 281, 288. It follows that the sale must be assumed to be regular and sufficient, and that the trustee's deed was at once due and if not delivered is still due, and that Hipp's rights, after so long a delay, were gone as completely as if a trustee's deed had been delivered. *Brunson v. Morgan,* 84 Ala. 598, 4 So. 589.

The delivery of the trust deed we think, however, was sufficiently proved. One Johnston testified that he was purchasing a large number of lots, including those in question, from the Evanston Company and Clark (who was practically the company); that, to perfect the title, a large amount of property was sold under trust deeds, including one of the property in question, and trustee's deeds were delivered to the Evanston Company. Since the beneficiary purchased, it was not necessary to show payment in cash.

*Jones v. Hagler*, 95 Ala. 529, 535, 10 So. 345. Those deeds were handed to him, Johnston, and he recorded them and supposed that he had recorded the one in question; that he had searched his papers diligently but could not find it. Clark and Miles are both dead. Other proof of search was had, more than sufficient, under *Hittson v. Davenport*, 4 Colo. 169; *Bruns v. Clase*, 9 Colo. 225, 11 Pac. 79; *Mulford v. Rowland*, 45 Colo. 172, 178, 179, 100 Pac. 603, and other cases in this court, to admit secondary evidence; but, whether the trustee's deed was delivered or not, Hipp's quitclaim conveyed nothing, and therefore the deed to the defendants from Mary T. Chase, his grantee, conveyed nothing.

But the defendants claim to be innocent purchasers without notice. That they cannot be. When they purchased, the trust deed was of record, twenty-five years overdue. This was notice of the trustee's deed, *Bradford v. Carpenter*, 13 Colo. 30, 31, 21 Pac. 908. Moreover the Evanston Company, beneficiary in the trust deed, had given a quitclaim deed to Johnston, and Rufus Clark, the trustee, had given him a warranty deed, and, by a series of conveyances, his interest had, at the time of the purchase by the defendants, reached one Lucy B. Thrasher, the grantor of the plaintiff. No one could innocently purchase from Hipp or his grantee on such a record.

The defendants also claimed under a tax title, which, however, was found by the court to be void, with which finding we agree. The defendants pleaded that the possession of the plaintiff was not such as to support an action to quiet title, because she procured it fraudulently, and that her tenant in possession was really their tenant; but the court made a special finding against them on that point and they assigned no cross error.

It follows that the defendants have no title and judgment must go against them.

Judgment reversed with directions to enter judgment for the plaintiff.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.

### On Rehearing.

MR. JUSTICE DENISON.

Defendants in error claim that upon the avoidance of their tax deed they are entitled to reimbursement for taxes paid and improvements made by them. That is first for the consideration of the district court. There is nothing in the opinion or decision of this court to prevent it.

Rehearing denied.