Keegan L. MEYER, Plaintiff–Appellee,

v.

Phillip David HASKETT and Sarah D'Ann Haskett Educational Trust, Defendants–Appellants.

Nos. 09CA1776, 09CA2217.

Colorado Court of Appeals, Div. II.

Dec. 9, 2010.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

The Torbet Law Firm, John Randolph Torbet, Hans Christian Tuft, Colorado Springs, Colorado, for Plaintiff–Appellee.

Phillip David Haskett, Pro Se.

David H. Krall, Colorado Springs, Colorado, for Defendant–Appellant Sarah D'Ann Haskett Education Trust.

Opinion by Judge ROY.

In this consolidated appeal, the Sarah D'Ann Haskett Educational Trust (the trust) appeals from a summary judgment quieting title to a parcel of real property (the property) in Keegan L. Meyer (purchaser). Phillip David Haskett (debtor) appeals from the entry of default judgment. In addition, the trust and debtor both appeal the orders denying their respective motions to vacate the judgments. We affirm.

### I. Background

A stipulated judgment, in the amount of $81,126.69, entered against debtor for past due child support, and a writ of execution was issued and recorded in the records of the El Paso County Clerk and Recorder. Debtor and the mother of his child then apparently agreed that the judgment would be assigned to the trust for the education of the child. In a response to interrogatories, debtor represented that he owned the property, and the trust sought to enforce the writ of execution against it. However, prior to the entry of judgment, debtor had conveyed what interest he had in the property to Palmer

Divide Energy Resources, LLC (the LLC), a limited liability company in which he was the only member.

However, in 1983, prior to the above-described events, the Treasurer of El Paso County sold a tax lien on the property at a tax sale for unpaid 1982 taxes and issued a certificate of purchase. After several assignments of the certificate of purchase, it was transferred to purchaser in 2007, who then requested that a treasurer's deed issue. Thereafter, the treasurer sent notice to a number of parties, including the LLC, and published a notice pursuant to section 39–11–128, C.R.S.2010. When the property was not redeemed, a tax deed was issued to purchaser and recorded on June 8, 2007.

On June 20, 2007, pursuant to the writ of execution, a sheriff's sale was held and the trust purportedly purchased debtor's interest in the property. Before the sheriff could issue a sheriff's deed, however, purchaser requested, and was granted, an injunction enjoining the sheriff from completing the sale.

Purchaser filed a complaint to quiet title to the property and requested permission to serve some of the interested parties, including debtor and the LLC, by publication because they listed out-of-state post office boxes as their addresses. The trust answered the complaint, but neither debtor nor the LLC filed an answer or otherwise responded to the complaint. The trial court entered default judgment against debtor and the LLC.

Purchaser then filed a motion for summary judgment against the trust, which was granted. The trust and debtor both filed motions asking the court to vacate the judgments against them; both were denied. These appeals followed.

## II. The Trust's Claims

As we understand its arguments, the trust contends that (1) the trial court erred in granting summary judgment in favor of purchaser because there were genuine issues of material fact as to the validity of the treasurer's deed because the treasurer failed to give notice of the tax sale in strict conformity with

the applicable statute; (2) the trial court erred in denying its motion to reconsider the summary judgment based upon newly discovered evidence; and (3) the trial court erred in dismissing its claims under the Colorado Uniform Fraudulent Transfers Act (CUFTA). §§ 38–8–101 to –112, C.R.S.2010. We are not persuaded.

## A. Summary Judgment

We first consider whether the trial court erred in granting summary judgment in favor of purchaser. We conclude that it did not.

We review de novo a trial court's grant of summary judgment. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995). Summary judgment is a drastic remedy and should be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Peterson v. Halsted,* 829 P.2d 373, 375 (Colo.1992). A litigant is entitled to have disputed facts determined by the finder of fact during a trial, and it is only in the clearest of cases, where no doubt exists concerning the facts, that summary judgment is warranted. *Moses v. Moses,* 180 Colo. 397, 402, 505 P.2d 1302, 1304 (1973).

In determining whether summary judgment is proper, the court must give the party opposing the motion the benefit of all favorable inferences that reasonably may be drawn from the facts presented. *Peterson,* 829 P.2d at 376. "[T]he trial court may not assess the weight of the evidence or credibility of witnesses in determining a motion for summary judgment...." *Kaiser Found. Health Plan v. Sharp,* 741 P.2d 714, 718 (Colo.1987).

### 1. Treasurer's Deed

The trust contends that there was a genuine issue of material fact as to whether it was properly notified of the issuance of a treasurer's deed. We are not persuaded.

A lien for general taxes for the current year attaches to all taxable property at 12 p.m. on the assessment date. § 39–1–107(1), C.R.S.2010. If taxes levied on real property

become delinquent, they become a perpetual lien with priority over all other liens. § 39–1–107(2), C.R.S.2010. The lien may be purchased by paying the taxes, the delinquent interest, and any pertinent fees. § 39–11–115, C.R.S.2010. If the lien is not redeemed by any person with legal or equitable title in the property within the three-year statutory redemption period, the holder of the certificate of purchase may request a treasurer's deed. § 39–11–102, C.R.S.2010.

■ Because the tax lien is superior to all other interests in the property, a validly issued treasurer's deed conveys a paramount title, wiping out any other interest in the property. *Harrison v. Everett*, 135 Colo. 55, 60, 308 P.2d 216, 219 (1957). Such a deed acts to "terminate the taxpayer's entire ownership interest in the subject property by conveying the totality of the land on which the taxes are delinquent." *Bolser v. Board of Comm'rs*, 100 P.3d 51, 54 (Colo.App.2004) (citing *Pyles v. Portland Gold Mining Co.*, 76 Colo. 598, 599, 233 P. 618, 619 (1925) (tax deed vests purchaser with all the rights the former owner had at the time of the sale)).

■ As relevant to the issues in this matter, the tax lien statute provides:

Before any purchaser, or assignee of such purchaser, of a tax lien on any land ... sold for taxes ... is entitled to a deed for the land ... he shall make request upon the treasurer, who shall then comply with the following:

(a) The treasurer shall serve ... a notice of such purchase on every person in actual possession or occupancy of such land ... and also on the person in whose name the same was taxed ... and upon all persons having *an interest or title of record in or to the same* if, upon diligent inquiry, the

residence of such persons can be determined....

§ 39–11–128(1)(a), C.R.S.2010 (emphasis added). " 'Persons having an interest or title of record' is equivalent to 'record owners' and that language is held to exclude even holders of known but unrecorded contracts of sale." *Godfrit v. Judd*, 116 Colo. 489, 492, 182 P.2d 907, 909 (1947). The requirements of this section are jurisdictional; anything less than full compliance would invalidate the treasurer's deed. *Wittemyer v. Cole*, 689 P.2d 720, 721 (Colo.App.1984).

■ The purpose of this provision is to "forbid the issuance of a treasurer's deed unless notice is given to persons with an interest in the property, especially to those persons with a right to redeem." *Turkey Creek, LLC v. Rosania*, 953 P.2d 1306, 1313 (Colo.App.1998). However, "[o]ne who has no interest in the land has no right to redeem," *Winter Park Devil's Thumb Investment Co. v. BMS Partnership*, 926 P.2d 1253, 1255 (Colo.1996) (quoting *Notch Mountain Corp. v. Elliott*, 898 P.2d 550, 555 (Colo. 1995)), and therefore, no right to notice.

In order to prevail in this matter, the trust must demonstrate that it has an interest in, or title of record to, the property. The resolution of the trust's argument depends upon whether a writ of execution against a member of an LLC reaches the property interest, if any, of the LLC.

### 2. Limited Liability Companies

It is undisputed that a corporation, in which debtor was the sole shareholder, conveyed any interest it had in the property to debtor who, in turn, transferred all of his interest to the LLC, which held it at the time the child support judgment was entered and the writ of execution recorded.[1]

---

1. The trial court concluded that the deed conveying the property from the corporation to debtor was a "wild deed." There is no evidence in this record of a previous deed conveying the property from a third party to either debtor or the corporation. Debtor asserts that either he, or the corporation, adversely possessed the property commencing in 1987. However, there is no order or judgment in the trial court record adjudicating such a claim or establishing an interest in either debtor or the corporation. Nor do the

parties assert that such a judgment exists in the public record.

In addition, adverse possession against a county is not permitted in Colorado. § 38–41–101(2), C.R.S.2010. It would appear, though we need not decide the matter here, that this prohibition would apply to the lien for unpaid taxes. Further, according to the record, the county owned the certificate of purchase for the 1983 taxes from November 14, 1988, until December 6, 2005, which included almost the entire time

Limited liability companies generally operate under an entity theory of property rights. *See* 1 Larry E. Ribstein & Robert Keatinge, *Limited Liability Companies* § 7:1, at 7–3 (2d ed. 2006). Under this theory, a member has no interest in the property owned by the LLC. *Id.* While Colorado statutes do not specifically define the interest of LLC members in, or their power to transfer, property owned by the LLC, they describe a member's interest in the LLC as a "share of the profits and losses of a limited liability company and the right to receive distributions of such company's assets." § 7–80–102(10), C.R.S.2010.

This membership interest is the personal property of the member and is the limit of what the member is permitted to transfer or assign, which thereby limits the rights of the member's creditors. *See* §§ 7–80–702(1), 7–80–703, C.R.S.2010. "A member, regardless of the nature of the member's contribution, has no right to demand and receive any distribution from a limited liability company *in any form other than cash.*" § 7–80–604, C.R.S.2010 (emphasis added).

Therefore, we conclude that the principles of entity theory apply to Colorado limited liability companies, and that the theory has particular bearing on the issues before us.

### 3. Analysis

■ The child support judgment was entered against debtor, individually, not the LLC. Prior to the entry of the judgment, debtor had conveyed his entire interest in the property to the LLC; thus, without more, the property is not subject to levy by debtor's creditors.

Section 39–11–128(1)(a) dictates that notice of a treasurer's deed be given only to those with a recorded ownership interest in the property. Because the writ of execution only entitled the trust to execute against debtor's property, and debtor had no interest in the property, the trust was not entitled to notice of the issuance of a treasurer's deed.

debtor asserts he adversely possessed the proper-

### B. Motion to Vacate

Next, the trust contends that the trial court erred when it denied its motion to vacate summary judgment. We disagree.

■ The decision to grant or deny a motion for relief from judgment lies within the sound discretion of the trial court. *Davidson v. McClellan,* 16 P.3d 233, 238 (Colo.2001). A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Lakeside Ventures, LLC v. Lakeside Dev. Co.,* 68 P.3d 516, 518 (Colo.App.2002).

■ Here, the trust contends that the trial court abused its discretion because a recently discovered deed, issued in 1888 by the Palmer Lake Real Estate Company, a Colorado corporation, and conveying the property as part of a larger tract to The Palmer Lake Town Company, invalidated the treasurer's deed. The trust argued in the trial court, and again here, that The Palmer Lake Town Company, as a "record owner" of the parcel, was entitled to notice of the treasurer's sale. The trust contends that because the treasurer was unaware of the 1888 deed, it failed to notify an entire chain of record owners, which in turn voided the issued deed.

However, the trust cannot assert the invalidity of the treasurer's deed on the basis that the treasurer failed to give notice to some other person or entity. "Courts routinely deny defendants the standing to assert a third party's right...." *People v. Palomo,* 31 P.3d 879, 885 (Colo.2001) (citing *People v. Wood,* 447 Mich. 80, 523 N.W.2d 477, 482 (1994) (a defendant has no standing to invoke a third party's privilege in a civil or criminal case)); *see also Empire Ranch & Cattle Co. v. Bender,* 49 Colo. 522, 525–26, 113 P. 494, 496 (1911) (where defendant's sole claim under a treasurer's deed was invalid, its offer to show a legal title in a third person was irrelevant and immaterial).

■ A "defendant in a suit to quiet title cannot question the right of a plaintiff, unless he can show title in himself." *Harrison v. Everett,* 135 Colo. at 61, 308 P.2d at 219

ty.

(quoting *Bennett v. Morrison,* 78 Colo. 464, 465, 242 P. 636, 637 (1925)). As we have already concluded, debtor and therefore the trust have no interest in the property. In addition, there is no assertion that the trust claims an interest through, or from, The Palmer Lake Town Company.

■ Further, to succeed on a motion for relief from judgment predicated on newly discovered evidence, the applicant must (1) establish that the evidence could not have been discovered by the exercise of reasonable diligence and be produced before the entry of the judgment; (2) show that the evidence is material to an issue; and (3) demonstrate that the new evidence, if admitted, would probably change the result of the judgment. *See Colorado Water Conservancy Dist. v. O'Neill,* 817 P.2d 500, 505–07 (Colo. 1991).

■ Here, the deed on which the trust relies was dated May 4, 1888, and was recorded in the public record May 7, 1888. Indeed, in its motion to set aside the summary judgment, the trust so represented. When an instrument regarding property is properly recorded, constructive notice is provided to all. *Guaranty Bank & Trust Co. v. LaSalle Nat'l Bank Ass'n,* 111 P.3d 521, 523 (Colo.App.2004); *see also Board of Comm'rs v. Timroth,* 87 P.3d 102, 108 (Colo.2004). As such, we conclude that the trust, using reasonable diligence, could have discovered the deed any time subsequent to May 7, 1888. Therefore, the first prong of the newly discovered evidence analysis has not been met. And, as we have previously stated, neither the second nor the third prong has been satisfied.

In addition, the trust's reliance on the sheriff's sale is unavailing for three reasons: (1) the writ of execution did not attach to the property because it was owned by the LLC at the time it was recorded; (2) the treasurer's deed had issued and been recorded prior to the sheriff's sale, thus erasing all other interests in the property, *see Bolser,* 100 P.3d at 54; and (3) the sheriff's sale was never completed and no interest in the property was conveyed to the trust by the sheriff. *See Davis Manufacturing & Supply Co. v. Coonskin Properties, Inc.,* 646 P.2d 940, 944

(Colo.App.1982) ("The holder of a certificate of purchase on an execution sale acquires only the alternative rights to receive the redemption money ... or a deed for the land after the time for redemption has expired.").

Therefore, because the trust had no interest or title of record in the property, it was neither entitled to receive notice of the tax deed nor does it have standing to challenge the validity of the treasurer's deed for defects affecting the rights of third parties.

### C. Colorado Uniform Fraudulent Transfer Act

■ We do not consider arguments raised for the first time on appeal. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718, 721 n. 5 (Colo.1992); *see also Brown v. Silvern,* 141 P.3d 871, 874 (Colo.App.2005). The determination of whether a conveyance is fraudulent and, therefore, void is a factual question for the trial court. *See* § 38–8–105, C.R.S.2010 (listing numerous factors for the trial court to consider in determining whether a transfer was fraudulent). Apparently, the trust has not initiated any claims for relief against debtor pursuant to section 38–8–105 or 38–8–106, C.R.S.2010, and only raised the issue of fraud after the entry of summary judgment in its reply brief in favor of vacating summary judgment. Therefore, we do not consider the trust's CUFTA arguments. *See Grohn v. Sisters of Charity Health Services Colorado,* 960 P.2d 722, 727 (Colo.App.1998) (holding that arguments raised for the first time in a reply brief before the trial court are not properly before an appellate court where opposing party was unable to respond and trial court made no findings or conclusions with respect that contention); *see also Flagstaff Enters. Construction, Inc. v. Snow,* 908 P.2d 1183, 1185 (Colo.App.1995).

### III. Debtor's Claims

■ Debtor contends that the trial court erred in denying his motion to vacate the default judgment entered against him. We disagree.

■ We review a trial court's denial of a request to set aside a default judgment

for an abuse of discretion. C.R.C.P. 55(c), 60(b); *Ehrlinger v. Parker,* 137 Colo. 514, 519, 327 P.2d 267, 269 (1958); *Dudley v. Keller,* 33 Colo.App. 320, 324, 521 P.2d 175, 177 (1974). "The party seeking relief [from judgment] has the burden of establishing the grounds 'by clear, strong and satisfactory proof.'" *Craig v. Rider,* 651 P.2d 397, 402 (Colo.1982) (quoting *Riss v. Air Rental, Inc.,* 136 Colo. 216, 218, 315 P.2d 820, 821 (1957)).

■■■ A default judgment may be set aside for good cause. C.R.C.P. 55(c); *see* C.R.C.P. 60(b). Although good cause may be shown by a variety of methods, a trial court should base its decision on "(1) whether the neglect that resulted in the entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious defense; and (3) whether relief from the challenged order would be consistent with considerations of equity." *Dunton v. Whitewater W. Recreation, Ltd.,* 942 P.2d 1348, 1351 (Colo. App.1997); *see also Craig,* 651 P.2d at 402. We need only consider the second prong of this test.

■■■ In order to prevail on a motion for relief from a default, a party must show the existence of a meritorious defense. *Dunton,* 942 P.2d at 1351. To satisfy the first part of this burden, the debtor must "establish by factual averments and not simply legal conclusions that the [defense is] indeed meritorious and substantial." *See Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112, 1116 (Colo.1986). The second part of the burden is that debtor must state the defense "with such particularity that the court can see that it is a substantial and meritorious defense, and not merely a technical or frivolous one." *See Henritze v. Borden Co.,* 163 Colo. 589, 590, 432 P.2d 2, 2 (1967).

Like the trust, debtor, individually, may not challenge the validity of the treasurer's deed because he had no interest in the property. He does not dispute that he conveyed any interest he had to the LLC; thus, he ceased to be a person with an interest of record. *See School District No. 6 v. Russell,* 156 Colo. 75, 82, 396 P.2d 929, 932 (1964) ("A [party], in an action to quiet title to lands, must rely on the strength of his own title thereto; and when it affirmatively appears that such [party's] rights have terminated, he is in no position to question the legality of the title claimed by others.").

Therefore, the trial court did not err in denying debtor's C.R.C.P. 60(b) motion to set aside the default entered against him. Having so concluded, we need not address his other arguments.

The judgment and orders are affirmed.

Judge HAWTHORNE and Judge GABRIEL concur.