GRAY *v.* STEELMAN, et al.

No. 42181 February 12, 1962 137 So. 2d 797

W. *Vol Jones, Sr.* & *Jr.,* Waynesboro, for appellants.

*Overstreet, Kuykendall, Perry & Phillips, Brunini, Everett, Grantham & Quinn,* Jackson; *Ross Madole,* Dallas, Texas; *R. T. Wilkinson, Jr.,* Houston, Texas, for appellees.

GILLESPIE, J.

On November 14, 1946, Dr. Ruel May conveyed to others an undivided one-half interest in the minerals under 20 acres of land which he then owned. After this conveyance, Dr. May owned the entire fee simple interest less said undivided one-half mineral interest. On October 30, 1950, the administratrix of Dr. May's estate conveyed to one Rainwater the said tract of land less and except all gas and other minerals. Mineral documentary tax stamps were attached to this instrument and cancelled. Rainwater failed to pay the 1950 ad valorem taxes on said land and on September 17, 1951, it sold for delinquent taxes for the year 1950 when Gray became the purchaser. The land was not redeemed from the tax sale and title matured in Gray. Thereafter this suit was filed by Gray to confirm his tax title.

The suit involved the surface and an undivided one-half interest in the minerals. The one-half undivided mineral interest sold by Dr. May on November 14, 1946, was not involved.

The chancery court confirmed Gray's tax title to the surface only, and complainant appealed, contending that Gray's tax title included said undivided one-half interest in and to the minerals reserved to May's heirs in the deed to Rainwater dated October 30, 1950.

The question is: Does Chapter 409, Laws of 1946 (Section 9701-01, et seq., Code of 1942), exempt from current ad valorem taxes a non-producing mineral interest which is severed after taxes for the current year become a lien? We hold it does.

Ad valorem taxes become a lien on January 1st of each year. Section 9744, Code of 1942. Before the enactment of Chapter 409, Laws of 1946, an assessment

of land by surface description without reservations, exceptions, or limitations appearing on the assessment roll included every interest in the land so described above or below the ground, although separately owned. Stern v. Parker, 200 Miss. 27, 25 So. 2d 787, 27 So. 2d 402. Under the applicable statutes at that time a sale for taxes under such assessment vested in the purchaser title to the entire interest therein, including every estate above or below the ground although separately owned. In other words, if a severed mineral interest was not separately assessed under Section 9770, Code of 1942, title to such mineral interest would pass to the tax purchaser.

 ██ It is a matter of common knowledge that after the discovery of oil in Mississippi in 1939 the companies producing oil and others began leasing large areas of the State and countless transactions took place creating severed mineral interests such as leases, minerals, and royalties. The assessment of these separately owned mineral interests resulted in onerous duties being placed on the public officials charged with the duty of assessing and collecting ad valorem taxes. Non-producing mineral interests were usually assessed at nominal values and the revenue produced therefrom was not commensurate with the services required of the officers. The legislature took notice of this problem, as well as the hazard the owners of severed mineral interests faced, and enacted Chapter 409, Laws of 1946, which was brought forward in 1942 Code as Section 9701-01 to 9701-11, inclusive. Section 2 of said Chapter 409, Laws of 1946, is in part as follows:

"Non-producing gas, oil and mineral interests exempt from ad valorem tax — existing interests. — To encourage the purchase of leases upon and interests in oil, gas and other minerals in the State of Mississippi, to encourage drilling for and production of such minerals, and to relieve the taxing officials of the counties of the State of the onerous duties of assessment for,

collection of and sale for ad valorem taxes for such interests (which the legislature finds are generally assessed at nominal values resulting in taxes not commensurate with the services required of such officers), all non-producing lease-hold interests upon all oil, gas and other minerals in, on or under lands lying within the State of Mississippi, created or assigned after the effective date of this act, and also all non-producing interests in such oil, gas and other minerals (including royalty interests therein) hereafter conveyed to a grantee or purchaser or excepted or reserved to a grantor separately and apart from the surface, shall be exempt from all ad valorem taxes levied on or after January 1, 1947, by the state of Mississippi, or any county, municipality, levee district, road district, school district, drainage district or other taxing district within the state or becoming a lien on or after said date. Any sale for taxes of the surface or of the remainder of the fee shall not in any manner whatsoever affect the interest or interests hereby exempted."

 The second paragraph of said section provides for a method of exempting severed mineral interests created prior to the enactment of the statute. Other sections provide for the levying of a mineral documentary stamp tax, how the tax is to be collected, making such tax a personal debt of the owner of the severed interest, and creating a lien therefor on such interest. The statute plainly exempts all non-producing mineral interests created after the effective date thereof from "all ad valorem taxes levied on or after January 1, 1947." It further provides that the sale of surface of the land for taxes shall not in any manner affect the interest exempted. The mineral documentary stamp tax is a substitute for the ad valorem taxes, and upon the creation of such mineral interest the exemption automatically applies. We hold, therefore, that although 1950 taxes had become a lien upon the entire interest own-

ed by Dr. May or his heirs on January 1, 1950, the undivided severed mineral interest created by the exception in the deed of October 30, 1950, became exempt by operation of the statute. This holding is in accord with the express terms of the statute and is consistent with the two purposes expressed in the statute.

██ ██ Appellant contends that under Code Section 9744, the ad valorem tax lien was effective from January 1, 1950, and that Code Section 9815 provides the procedures for changes in assessments; that the assessment was not changed and could not have been changed under the statute, and, therefore, the tax sale vested title in the purchaser to the entire estate, including the severed mineral interest. We do not think that this argument is valid for Code Section 9701-02 is self-operating and grants the exemption upon creation of the severed mineral interest.

Appellant also contends that the case of McHenry Baptist Church v. McNeal, 86 Miss. 22, 38 So. 195, is in point and requires a reversal. A comparison of the exemption statute there involved, which was Chapter 50, Laws of 1900, with Chapter 409, Laws of 1946, shows that the exemptions in the two statutes do not have the same basis. The statute exempting the severed mineral interest is based upon the payment of a substituted tax and the exemption applies upon creation of the interest. The statute involved in Stern v. Parker, supra, was an ordinary exemption statute entirely unlike the one involved in this case.

Affirmed.

*Lee, P.J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.