PATTERSON, Justice:
This suit was filed in the Chancery Court of the Second Judicial District of Jones County against Jim Walter Corporation and Mid-State Homes, Inc., both Florida corporations, praying for removal of cloud from title, for discovery, and for accounting and damages. At the conclusion of complainant’s evidence the bill of complaint was dismissed and all costs assessed against the complainant. The suit results from a tax sale concerning an acre of land and the removal of a house therefrom during the statutory period of redemption.
The appellant assigns as error the action of the lower court in dismissing his bill of complaint.
On September 16, 1963, the land was sold to the complainant at a tax sale for nonpayment of the 1962 taxes. In September 1965 the two-year period of redemption expired, whereupon the chancery clerk, as was his duty, executed to the complainant a tax deed which was filed for record on November. 19, 1965.
Prior to the tax sale the defendant, Jim Walter Corporation, constructed a house *643 on the acre in question for Nathan Walters and his wife, Sarah Lee Walters, and secured the cost of construction by a deed of trust. The deed of trust was dated August 9, 1962, and secured the sum of $5,385.60. Walters and wife defaulted in the payment of this indebtedness, whereupon the deed of trust was assigned to Mid-State Homes, Inc., who, upon foreclosure, obtained title to the property by a substituted trustee’s deed. On September 3, 1963, the property was conveyed to Jim Walter Corporation.
The evidence further shows by the defendants’ response to interrogatories that the house was constructed on the land by Jim Walter Corporation in “approximately 1962” and that it was removed “first part of 1964.”
Thereafter, the appellant conveyed the land to Vick Walters, reserving to himself the cause of action upon which this suit is founded. The question to be determined by this Court is whether the trial court erred in dismissing the complainant’s suit at the conclusion of his proof.
Mississippi Code 1942 Annotated section 9744 (1952), entitled “Taxes, a Lien, from what date,” provides, among other things, the following:
[A]nd all taxes assessed shall be a lien upon and bind the property assessed, from the first day of January of the year in which the assessment shall be made

The evidence before the Court, the deed of trust and the answers to the propounded interrogatories, indicates that the house was constructed upon this property in the year 1962. The tax lien imposed by statute attached to the land and the improvements thereon as of January 1, 1962. The assessment is without reservation, exception, or limitation and would include every interest in the land described on the assessment roll. Gray v. Steelman, 243 Miss. 294, 137 So.2d 797, 798 (1962); Stern v. Parker, 200 Miss. 27, 25 So.2d 787, 27 So.2d 402 (1946); and Eureka Lumber Company v. Terrell, 48 So. 628 (Miss. 1909).
The tax sale purchaser acquired an inchoate right or interest in the land from the date of purchase sufficient, in our opinion, to clothe him with a cause of action against the former owner for waste committed to the property during the period of redemption. In Howze v. Rook Lumber Company, 118 Miss. 293, 298-299, 79 So. 98 (1918), a strikingly similar suit, this Court stated:
The appellee purchased a certain lot in the town of Collins at a sale made by the tax collector for unpaid taxes. The tax deed was filed in the office of the chancery clerk and the property was not redeemed within the period allowed by law. Situated upon the lot sold for taxes was a house. Between the time of the sale by the tax collector and before the period of redemption had expired the delinquent owner of the land sold the house to the appellants for the sum of $125. The appellants tore the house down and used the lumber from same for some buildings on some land owned by them.
After the redemption period had expired and the appellee had been delivered its deed to this lot it filed this suit in the chancery court against the appellants, the former owner of the land who had sold the house, and certain other parties. The bill prayed for a personal decree against appellants for the value of the house, and also that a lien be established upon the land of appellants upon which they used the lumber. A final decree was entered granting a personal decree against the appellants for the value of the house, and also establishing a lien upon this land and decreeing that it be sold upon default of payment of the personal decree. From this decree an appeal is prosecuted.
That appellee is entitled to recover the value of the house is settled in the case of Pool v. Ellis et al., 64 Miss. 555, 1 South. 725. There is no statutory or *644 common-law lien upon the appellants’ land. It was therefore error to so decree.
Of interest on the point see Murphy v. Seward, 145 Miss. 713, 110 So. 790 (1926).
We are of the opinion that under the facts of this case the complainant was legally entitled to at least nominal damages at the conclusion of his testimony and that the lower court erred in dismissing the bill of complaint. The cause will therefore be reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, INZER, and ROBERTSON, JJ., concur.