**REGIONAL INVESTMENT COMPANY, Respondent,**

v.

**John K. WILLIS et al., Appellants.**

**No. KCD 29135.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Cenobio Lozano, Jr., Harrisonville, for appellants.

George T. O'Laughlin, Mitchell, O'Laughlin, Meier, Kristl & Morrison, P. C., Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

John Willis and his wife, Pansy, appeal from a summary judgment granted in favor of Regional Investment Company for a deficiency following a trustee's sale of real estate. Willis contends an affidavit filed in response to the motion for summary judgment revealed the existence of a material issue of fact which precluded summary judgment. Reversed in part and remanded.

In March, 1974, Willis and his wife obtained a loan from Regional in the amount of $27,750 for which they executed a promissory note secured by a deed of trust on a lot in Cass County referred to as Lot 45. In December, 1974, Willis and his wife and John Willis Construction Company obtained a second loan from Regional, also

in the amount of $27,750, for which they executed a promissory note secured by a deed of trust on a lot referred to as Lot 44.

In January, 1976, Regional filed suit against the Willises and Willis Construction Company. Count I alleged that Lot 45 was sold at a trustee's sale, resulting in $21,-083.94 being credited toward the note and leaving a balance due of $6,666.06 plus attorney fees and costs.

Count II alleged that Lot 44 was sold at a trustee's sale, resulting in $20,788.99 being credited on the note and leaving a balance of $6,691.01 plus attorney fees and costs. Regional was the purchaser at both trustee's sales.

Willis filed an answer generally denying the petition and asserting a counterclaim. The counterclaim sought actual and punitive damages, alleging that prior to the trustee's sale of Lot 45 Regional entered into a private contract of sale for an amount greater than the balance due on the note with completion of the sale and conveyance of the lot pursuant to the contract following the foreclosure sale.

Regional filed a motion for summary judgment on Counts I and II, alleging the Willises admitted execution of the promissory notes, the defaults, the trustee's sales, the resulting deficiencies and the absence of any genuine issue as to any material fact.

In response to the motion for summary judgment Willis filed an affidavit stating that prior to the trustee's sale of Lot 45 Regional had entered into a contract agreeing to sell Lot 45 for $29,000, subject to Regional obtaining title at the foreclosure sale. The affidavit stated that Regional, after entering into this contract and accepting payment of earnest money, made the successful bid at the trustee's sale of $21,-083.94, a bid which was substantially less than the amount due on the note, for the express purpose of securing a default judgment. The affidavit further stated that Regional conveyed the property after the foreclosure sale to the buyers named in the contract for $29,000. The affidavit concluded that Willis was unable to pay the note secured by Lot 44 because of the trustee's sale of Lot 45 and the inability to secure financing.

The court entered summary judgment for Regional on Counts I and II in the amount claimed but severed such judgment for purposes of appeal, thus leaving the Willis counterclaim pending.

On this appeal Willis urges the facts stated in his affidavit show the existence of an issue of material fact which precluded summary judgment. Regional contends there was no issue as to any material fact because Willis admitted, by his answer and by failure to respond to requests for admissions, the execution and non-payment of the promissory notes and the sale of the secured property under the deed of trust. Regional argues that if Willis has any claim against Regional, as stated in his counterclaim, such claim is still pending and may be pursued.

Rule 74.04(c) provides for summary judgment " 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that any party is entitled to a judgment as a matter of law.*' " *Schoen v. Kerner,* 544 S.W.2d 43 (Mo.App.1977). A material issue of fact exists whenever there is the slightest doubt as to the facts. *Seliga Shoe Stores v. City of Maplewood,* 558 S.W.2d 328, 331[1–3] (Mo.App.1977).

Willis did not deny the execution and non-payment of the promissory notes, nor did he deny the fact the trustee's sale was conducted. The facts stated in Willis's affidavit do raise a question of fact as to the existence of a deficiency because of the inadequacy of Regional's bid and the fairness of the sale in light of the prior contract for an amount greater than the debt.

Generally, the price for which property is sold at a trustee's sale is the basis for measuring a deficiency, provided the sale was fairly conducted. *Drannek Realty Company v. Nathan Frank, Inc.,* 346 Mo. 187, 139 S.W.2d 926, 928[1, 2] (1940). Counsel has not cited any case in which the right to a deficiency judgment was

questioned on facts similar to those stated in Willis's affidavit. However, in *Union Joint Stock Land Bank v. Knox County,* 20 Tenn.App. 273, 97 S.W.2d 842 (1936) the court discussed a similar situation. In that case the Bank had allowed Knox County to pay the owners of land covered by a deed of trust held by the Bank for a right of way to the County. After the County had paid the owners, and after the owners had paid an installment with part of the proceeds, the note became delinquent. The Bank foreclosed on the deed of trust and was the successful bidder at the sale. The court found the evidence of the Bank's actions reflected that the Bank foreclosed with a secret intention of bidding a sum which would leave a deficiency for which the Bank would hold the County. After the foreclosure sale the Bank sold the property for an amount sufficient to cover the balance due on the note. The court held that under the circumstances, the bid of the Bank at the foreclosure sale was not made in good faith and since the sale was not conducted in strict fairness, the price for which the property was sold at the sale was not a conclusive measure by which to establish a deficiency on the note. The court concluded the Bank was not entitled to recover the deficiency when it was guilty of unfairness in foreclosing the property and in buying it at an inadequate price and thereafter selling it for a sum sufficient to cover the deficiency with the intention of creating a profit at the expense of the County. The facts stated in Willis's affidavit, if believed by the trier of fact, would bring this case squarely within the observations made in *Union Bank.*

If the trier of fact found that Regional bid the sum of $21,083.94 on Lot 45 after binding itself to a contract by which it would receive $29,000 immediately after the foreclosure sale, and if the bid was made for the purpose of creating a deficiency, then a sufficient factual basis could be established on which to deny Regional recovery for such deficiency. The basis of such a denial would be the legal conclusion that the sale was rendered fundamentally unfair to Willis and as such, the trustee's sale price could not be the basis by which to measure a deficiency.

The facts stated in Willis's affidavit show there is a doubt as to the fairness of the trustee's sale because of the conduct of Regional. A trial will be required to determine the factual dispute surrounding the conduct of Regional and its bid before the true purchase price can be determined by which deficiency can be. measured. The entry of summary judgment on Count I was barred by the facts stated in Willis's affidavit.

■ As to Count II and the note secured by the deed of trust on Lot 44, Willis has not stated any facts which show a material issue of fact. He has stated only conclusions which do not suffice to defeat summary judgment. *Waltz v. Cameron Mutual Insurance Co.,* 526 S.W.2d 340, 343[2] (Mo. App.1975).

The summary judgment as to Count I is reversed and the cause is remanded for further proceedings. The summary judgment as to Count II is affirmed. The costs are divided equally between the parties.

All concur.