The **MAHONEY MARKETING CORPORATION, a Colorado corporation; Dayton Financial Corporation, a Colorado corporation; Terra Investment Corporation, a Colorado corporation; Image Realty, Inc., a Colorado corporation; Jerry Holzman, and Virginia H. Kelsey, Plaintiffs-Appellants,**

v.

**SENTRY BUILDERS OF COLORADO, INC., a Colorado corporation; Dennis Butte, Ardith Butte, Steven R. Lange, individually and d/b/a Red Carpet Lange Realty, Defendants-Appellees.**

No. 83CA0714.

Colorado Court of Appeals,
Div. II.

Feb. 14, 1985.

---

Erickson, Holmes, Nicholls, Kusic & Sussman, Jon S. Nicholls, Peter M. Sussman, Denver, for plaintiffs-appellants.

Head, Moye, Giles & O'Keefe, John F. Head, William D. Nelson, Denver, for defendants-appellees.

KELLY, Judge.

In this action concerning the payment of a real estate broker's commission, plaintiffs appeal, arguing that the trial court erred by granting defendants' motion for directed verdict, by submitting defendants' counterclaim to the jury, and by inaccurately instructing the jury. We affirm.

On May 3, 1979, defendant Sentry and plaintiff Mahoney entered into an exclusive listing contract in which Mahoney was to act as Sentry's agent for the marketing of a property on Village Drive. On November 30, 1979, the exclusive listing contract between Sentry and Mahoney was terminated by a written agreement. In the agreement, Mahoney released Sentry from its exclusive listing agreement and waived the right to secure a purchaser for the property or to receive a commission for any sale of the property unless another agent was involved in the sale. If another agent was involved, Mahoney was to receive a commission of 3% of the sales price. On March 17, 1980, Sentry traded the property on Village Drive for another piece of property. No real estate agent was involved in the transaction.

Plaintiffs argue that the trial court erroneously granted defendants' motion for directed verdict on their claim for commission on the sale of the Village Drive property. Plaintiffs advance several theories in support of their position, but all of them are without merit.

 A motion for directed verdict can only be granted when the evidence, considered in the light most favorable to the party against whom the motion is directed, compels the conclusion that reasonable persons could not disagree, and when no evidence has been presented that could sustain a jury's verdict against the moving party. *McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778 (1967).

 It was undisputed that the parties had entered into an agreement to release the exclusive listing contract. Under the release agreement, plaintiffs were not entitled to a commission on the property unless it was sold by another agent. The interpretation of the effect of a written contract is a question of law. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). The property was not sold by another agent. Hence, the trial court properly granted the motion for directed verdict.

Plaintiffs next argue that defendants' counterclaims for breach of fiduciary duty and for exemplary damages are equitable and therefore should not have been submitted to the jury. We disagree.

 Although fiduciary obligations are equitable in nature, the remedies of principals against agents who have breached their fiduciary obligations are generally at law. *Holter v. Moore & Co.*, 681 P.2d 962 (Colo.App.1983). When plaintiffs have an adequate remedy at law for damages, equity will not lie. *Holter, supra*. Exem-

plary damages are appropriate in breach of fiduciary duty cases when attended by wanton and reckless conduct. *Holter, supra.* Hence, the trial court properly submitted the breach of fiduciary duty claim and the claim for exemplary damages to the jury.

■ Finally, plaintiffs argue that the "alter ego" instruction given to the jury does not reflect Colorado law. This argument lacks merit. While the instruction is not a model, it contains the essential ingredients of the alter ego doctrine, and any inaccuracies are harmless error. *See generally Rosebud Corp. v. Boggio,* 39 Colo. App. 84, 561 P.2d 367 (1977).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.