**UNITED BANK OF LAKEWOOD NATIONAL ASSOCIATION, Plaintiff-Appellant and Cross-Appellee,**

v.

**ONE CENTER JOINT VENTURE, a Colorado general partnership, Gordon G. Montgomery, Robert A. Balian, B.L. Investment Company and Berdj O. Keuylian, Defendants-Appellees and Cross-Appellants,**

**and**

**Mark E. Johnson, Defendant-Appellee.**

No. 87CA1869.

Colorado Court of Appeals, Div. IV.

April 27, 1989.

Charles P. Malone, P.C., Charles P. Malone, Thomas A. Meyers, III, Denver, for plaintiff-appellant and cross-appellee.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Darrell G. Waas, Denver, for defendants-appellees and cross-appellants.

No Appearance for defendant-appellee.

TURSI, Judge.

In this action for recovery on two promissory notes, plaintiff, United Bank of Lakewood, appeals from a judgment entered upon a jury verdict awarding zero damages. As grounds for its appeal, the bank contends that the trial court erred by: (1) denying its motion for a directed verdict on its first claim for relief; (2) allowing the jury to determine whether the bank intentionally underbid at the foreclosure sale; (3) improperly instructing the jury on the law; and (4) excluding certain expert testimony offered by the bank. Defendants, One Center Joint Venture and its general partners, Gordon G. Montgomery, Robert A. Balian, B. L. Investment Company, and

Berdj O. Keuylian, cross-appeal also arguing that the trial court improperly instructed the jury on the law. Defendants further contend that the trial court erred by granting a directed verdict for the bank on its second claim for relief. We affirm.

One Center executed a promissory note to the bank in the amount of $750,000. The note was secured by a first deed of trust on property purchased by One Center with the loan proceeds. One Center subsequently executed a second note to the bank for $49,950. It appears from the record that this note was secured by a third deed of trust on the same and other properties. One Center's general partners executed personal guaranties as additional security for both notes.

After One Center went into default on both notes, the bank foreclosed on its first deed of trust, bidding $784,000 of the balance due on the first note. A deficiency of $118,439 remained on the account. The bank brought this action against the defendants for the deficiency and for the principal and interest owing on the second note. Defendants answered that both notes had been paid, that the bank had failed to mitigate its damages, and that the bid submitted by the bank at the foreclosure sale was unconscionably low. In addition, they requested that the matter be tried to a jury.

At the close of the evidence, the trial court struck both the defense of payment and the defense of mitigation. It also granted a directed verdict for the bank on its claim under the second note, but denied a similar motion on the bank's claim for recovery under the first note as well as the bank's request to strike the jury on that claim. After considering the remaining issues, the jury rendered a verdict of zero damages for the bank on its claim for the deficiency.

## I

The bank first asserts that it was entitled to a directed verdict on its claim for the deficiency on the first note. We disagree.

■ A motion for a directed verdict can be granted only when the evidence, considered in a light most favorable to the party against whom the motion is directed, compels the conclusion that reasonable persons could not disagree, and when no evidence has been presented that could sustain a jury's verdict against the moving party. *Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc.*, 697 P.2d 1139 (Colo.App.1985). However, when there is conflicting evidence, a question is properly submitted to the trier of fact. *Converse v. Zinke*, 635 P.2d 882 (Colo. 1981).

■ Upon reviewing the record, we conclude that there was sufficient (though conflicting) evidence from which the jurors, as finders of fact, could infer that the bid was so far below the fair market value that it was unconscionable and that, therefore, no valid deficit remained. Not only were there substantial differences in the appraised value of the land, but there was also evidence that the appraisal relied on by the bank had already factored in the same deductions which the bank applied to reduce its bid from the appraisal used. Therefore, the trial court did not err in determining that the jury could infer from the evidence that the bank bid below the true value of the property with the intent to obtain an unfair or excessive deficiency judgment.

## II

The bank next contends that relief from an unconscionable bid at a foreclosure sale is an equitable matter, and therefore, the jury should not have been allowed to consider whether the bank intentionally underbid at the foreclosure sale. The bank also alleges that the jury should not have been allowed to adjust the deficiency based on its finding related to the bank's bid. We disagree.

■ Generally, the price for which property is sold at a trustee's sale is the basis for measuring a deficiency, provided the sale was conducted fairly. However, the sale price is not a conclusive measure of

the deficiency if the sale is not conducted in good faith or in a strictly fair manner. Whether the sale here had been conducted in good faith was a factual matter in dispute. *See Regional Investment Co. v. Willis,* 572 S.W.2d 191 (Mo.Ct.App.1978).

■ For purposes of determining the right to a jury trial, plaintiff's complaint fixes the nature of the suit as one at law or equity. *Motz v. Jammaron,* 676 P.2d 1211 (Colo.App.1983). Here, the question of an unconscionable bid was raised as an affirmative defense in answer to an action at law for recovery of a deficiency on a promissory note. Therefore, defendants had a right to demand a jury pursuant to C.R.C.P. 38(a).

■ Inasmuch as a question of fact existed whether the bank's bid was purposely below fair market value and, thus, was so unfair and inadequate as to preclude additional recovery on the note, was a factual issue properly submitted to the jury. *See Regional Investment Co. v. Willis, supra;* C.R.C.P. 38(a); and *Short v. Kinkade,* 685 P.2d 210 (Colo.App.1983) (questions of fact are to be determined by the jury).

### III

■ The bank further argues that the trial court erred by excluding testimony of the bank's expert witness concerning his appraisal of the property. The trial court disallowed the testimony after concluding that it fell outside the scope of the witness' testimony as described in the trial data certificate filed pursuant to C.R.C.P. 121(c) § 1–18, as then written. We agree with the trial court that the description of the witness' testimony in the trial data certificate did not include presentation of an independent appraisal. Therefore, exclusion of that testimony was not an abuse of discretion. *See Nagy v. District Court,* 762 P.2d 158 (Colo.1988) (imposition of a sanction for non-compliance with C.R.C.P. 121(c) § 1–18 will not be overturned unless it represents an abuse of discretion, or is manifestly arbitrary, unreasonable, or unfair).

### IV

On cross-appeal, the defendants contend that the trial court erred by granting a directed verdict for the bank on its claim for relief under the second note. We disagree.

Defendants asserted the affirmative defense of payment in response to the bank's claim on the second note. They argue that there was sufficient evidence to support their defense, and therefore, the jury should have determined the issue. However, the only evidence presented by the defendants related to the bank's bid at foreclosure. And, despite defendants' argument that the value of the property foreclosed was sufficient to satisfy both obligations thereby extinguishing their debt on the second note, we agree with the trial court that here there was insufficient evidence of greater value to implicate the second note.

■ In general, the purchase by the holder of a junior mortgage at a foreclosure sale of the senior mortgage does not extinguish the debt secured by the junior mortgage. This rule applies even though the foreclosed first mortgage also was owned by the purchasing second mortgagee. G. Nelson & D. Whitman, *Real Estate Finance Law* § 6.16 (1985). Accordingly, the defendant's debt on the second note survived the foreclosure, and the bank's action for recovery was valid. There being no other evidence of payment in the record, the directed verdict was proper. *See Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc., supra.*

### V

The bank and the defendants both challenge the court's instruction on deficiency

damages. Although the instruction might have been more artfully drawn, it tracked the language of *Chew v. Acacia Mutual Life Insurance Co.*, 165 Colo. 43, 437 P.2d 339 (1968) and *Tekai Corp. v. Transamerica Title Insurance Co.*, 39 Colo.App. 528, 571 P.2d 321 (1977). We conclude that error, if any, in the instruction was harmless.

Judgment affirmed.

JONES and REED, JJ., concur.