**Joel ISRAEL and Joel Rubin, Plaintiffs-Appellants,**

**v.**

**RIFLE ECONOLODGE JOINT VENTURE; Stapleton-Hotel Limited Partnership, a Colorado limited partnership; High Country Corporation, a Colorado corporation; and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action, First Interstate Bank of Denver, N.A., Defendants-Appellees.**

**No. 89CA0248.**

Colorado Court of Appeals, Div. IV.

May 10, 1990.

Schenk, Kerst & deWinter, John R. Schenk, Glenwood Springs, for plaintiffs-appellants.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Edward P. Timmins and Terence M. Ridley, Denver, for defendant-appellee First Interstate Bank of Denver, N.A.

No appearance for defendants-appellees Rifle Econolodge Joint Venture, Stapleton–Hotel Ltd. Partnership, and High Country Corp.

Opinion by Judge REED.

In this declaratory judgment action, the plaintiffs, Joel Israel and Joel Rubin, appeal the judgment entered in favor of defendants, Rifle Econolodge Joint Venture (Econolodge), Stapleton–Hotel Limited Partnership (Stapleton), High Country Corporation, and First Interstate Bank. This judgment dismissed plaintiffs' claim seeking declaratory judgment that their tax lien upon real property and its improvement, a motel, continued in force as to the improvement when it was moved to a new location in another county. We affirm.

Econolodge is the owner of certain real property located in the town of Rifle, in Garfield County, Colorado, upon which a motel was situated and as to which First Interstate Bank held a deed of trust. The motel was of modular construction and was erected in 1982.

When Econolodge failed to pay the real property taxes for the tax year 1984, the plaintiffs, on December 2, 1985, purchased the tax sale certificate on the Rifle land for that delinquent year. This certificate was issued by the treasurer of Garfield County pursuant to § 39–11–115, C.R.S. (1989 Cum.Supp.) and described specifically the tract of land within the county to which the certificate related.

On December 31, 1985, Econolodge transferred title to the improvement by bill of sale to Stapleton. Between May 27, 1986, and July 11, 1986, the motel was dismantled under permit issued by the town of Rifle. Subsequently, it was re-erected in the City and County of Denver. During the reconstruction, third parties, including the City and County of Denver, acquired recorded interests in the Denver property, and the deed of trust to the First Interstate Bank was refinanced.

Econolodge also failed to pay the 1985 real property taxes. Plaintiffs, apparently unaware of the relocation of the motel, paid the 1985 taxes, and on August 1, 1986, they had the amount endorsed upon their existing tax sale certificate as additional taxes paid.

### I.

Plaintiffs assert that the tax lien created by statute attached to the motel improvement in Garfield County and remained in effect as a lien upon the motel after it was disassembled and reerected on land in the City and County of Denver. We disagree.

A tax lien arising by virtue of unpaid property taxes is a creature of statute. *See Skidmore v. O'Rourke,* 152 Colo. 470, 383 P.2d 473 (1963). And, the county treasurer, as the county collector of taxes, has no authority except that expressly delegated to him by statute. *Skidmore v. O'Rourke, supra; Chase v. Board of County Commissioners,* 37 Colo. 268, 86 P. 1011 (1906). Further, tax statutes may not be enlarged by judicial construction. *ITT Diversified Credit Corp. v. Couch,* 669 P.2d 1355 (Colo.1983).

Pursuant to the statutory scheme, the lien for general taxes attach on January 1 of each calendar year on all taxable property within the county where it is located on that date. Sections 39–1–105 and 39–1–107(1), C.R.S. (1989 Cum.Supp.). Section 39–1–107(2), C.R.S. (1982 Repl.Vol. 16B) provides that the lien shall be perpetual until the taxes, penalty interest, and costs are paid in full.

If, as here, the delinquent real property taxes are not paid when due, and after the required statutory notice and publication, the county treasurer is authorized to sell the tax lien to the "persons who pay therefor the taxes, penalty interest, and costs then due" or an amount in excess of that sum. Section 39–11–115, C.R.S. (1982 Repl. Vol. 16B).

Upon payment of the delinquent taxes, or excess amount, the purchaser receives either a certificate of purchase or an endorsement of additional taxes paid upon the certificate of purchase already owned by the purchaser. Sections 39–11–101, 39–11–108, and 39–11–119, C.R.S. (1989 Cum. Supp.) and § 39–11–102, C.R.S. (1982 Repl. Vol. 16B).

Thereafter, the sole remedy of the holder of the tax certificate, as prescribed by statute and as relates to real property, is that set forth in § 39–11–120, C.R.S. (1989 Cum. Supp.). This section provides that after the expiration of three years from the date of the sale of the tax lien, the certificate holder may make application to the treasurer of the county for the issuance of a deed for which the tax lien was sold provided that such tax lien remains unredeemed by the owner.

This procedure is in contrast to the broader statutory procedures for the collection of delinquent personal property taxes. *See Skidmore v. O'Rourke, supra.* As concerns personal property taxes, the statutes expressly authorized inter-county collection procedures. Section 39–10–111, C.R.S. (1982 Repl.Vol. 16B). In contrast, there is no statutory authority, however, for the treasurer of one county to issue any deed to real property situated in another county, and we decline to broaden the scope of his authority by implication. *See ITT Diversified Credit Corp. v. Couch, supra.*

Here, the motel was taxed as real property. Section 39–1–102, C.R.S. (1982 Repl.Vol. 16B). Once the improvement was dismantled and removed from the realty, however, it changed from realty to personalty, *see Preiser v. Mettler,* 50 Cal.2d 594, 328 P.2d 953 (1958), and the tax lien

upon what had been an improvement to the land was terminated. *Hairston v. Jim Walter Corp.*, 209 So.2d 642 (Miss.1968).

Thus, we agree with the trial court that there is no statutory basis by which the tax lien upon real property in Garfield County could be extended and attached to an improvement upon real property in the City and County of Denver.

### II.

Plaintiffs also argue that, even if the statutes do not provide the relief they request, the imposition of an equitable lien is appropriate. We disagree.

■ No action in equity will lie to enforce a lien upon realty for unpaid real property taxes. *Skidmore v. O'Rourke, supra; Montezuma Valley Water Supply Co. v. Bell*, 20 Colo. 175, 36 P. 1102 (1894).

■ Further, if an adequate remedy at law exists, equitable relief is not appropriate. *Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc.*, 697 P.2d 1139 (Colo.App.1985).

Here, plaintiffs can pursue their legal remedies by foreclosing on their lien on the land in Garfield County. Additionally, as found by the trial court, they are free to pursue against the responsible parties any claim that might exist for redress of damages sustained, such as a claim for waste. *Hairston v. Jim Walter Corp., supra.*

Thus, the trial court was correct in dismissing plaintiffs' claim for the imposition of an equitable lien.

The judgment is affirmed.

HUME and JONES, JJ., concur.