**BANK OF AMERICA, f/k/a Honolulu Federal Savings and Loan Association, Plaintiff–Appellant,**

v.

**John J. KOSOVICH, Sr., and John J. Kosovich, Jr., Defendants–Appellees.**

No. 92CA1680.

Colorado Court of Appeals, Div. II.

Feb. 10, 1994.

Rehearing Denied March 31, 1994.

Certiorari Denied Aug. 15, 1994.

Shapiro & Meinhold, Don H. Meinhold, Elizabeth S. Marcus, Elizabeth A. Bassler, Colorado Springs, for plaintiff-appellant.

The Law Firm of Leonard M. Chesler, Ben Klein, John S. Tatum, Denver, for defendants-appellees.

Opinion by Judge METZGER.

In this action for a deficiency judgment on a promissory note, plaintiff, Bank of America (the Bank), appeals the judgment entered on a jury verdict in favor of the defendants, John L. Kosovich, Sr. and John L. Kosovich, Jr. (the Kosoviches). We reverse and remand for a new trial.

On November 5, 1987, the Kosoviches executed and delivered a promissory note, secured by a deed of trust in the original principal amount of $103,000. The Bank is the assignee of the note and deed.

When the Kosoviches defaulted on the note, the public trustee sold the real property pursuant to the deed's power of sale clause and the Bank bid $59,000 on the property. The public trustee then indicated on the note that a $50,410.28 deficiency remained due and owing to the Bank after the foreclosure sale.

The Bank then filed suit against the Kosoviches for the balance remaining on the note. Although the Kosoviches admitted executing the note and deed, they denied liability for the note's deficiency balance asserting that the Bank's bid, being grossly less than the property's fair market value, was not made in good faith as required by § 38–38–106, C.R.S. (1993 Cum.Supp.). The trial court later granted a directed verdict on the issue of liability in favor of the Bank, but submitted the issue of damages to the jury.

At trial, the parties introduced conflicting evidence regarding the fair market value of the property. The Bank introduced expert testimony that the property's fair market value at the time of the foreclosure sale was $75,000, while the owner testified that it was $112,000.

The jury instructions regarding liability stated that the Kosoviches were "not legally responsible" to the Bank for a deficiency judgment if the affirmative defense of failure to submit a good faith fair market value bid was proved. The instruction also stated that, if the affirmative defense was not proved, then the verdict must be for the Bank. Similarly, the trial court tendered jury verdict forms that allowed the jury to find for either defendants or plaintiff, but that did not allow

for a calculation of actual damages. The jury returned a verdict in favor of the Kosoviches and the court consequently entered judgment in the amount of zero damages.

■ The Bank in essence contends that the trial court erred in its interpretation of § 38–38–106 by instructing the jury that an inadequate foreclosure bid barred recovery of any deficiency judgment. The Bank argues that the jury should have been given an instruction allowing it to consider the inadequacy of the bid only to adjust the amount of the deficiency claim. We agree.

■ When considering an objection to a jury instruction, the court must determine whether the instruction is so erroneous or so confusing or misleading as may lead the jury into error of such proportion that it requires a new trial. *Rego Co. v. McKown–Katy,* 801 P.2d 536 (Colo.1990).

Section 38–38–106 provides in pertinent part that, with deductions permitted for unpaid property taxes, senior liens, and estimated reasonable expenses of holding, marketing, and selling the property: "[T]he owner of such evidence of debt shall bid at least such owner's good faith estimate of the fair market value of the property being sold." The statute further provides that failure to bid in good faith will "not affect the validity of such foreclosure sale but may be raised as a defense" by a person sued on the deficiency.

The Bank argues that the term "defense" in the statute merely codifies the good faith requirement in existing case law, which permits the fact finder to adjust the deficiency amount when it is determined that the bid at the foreclosure sale is unconscionable. The Kosoviches argue the trial court correctly interpreted the word "defense" to be an absolute defense barring recovery of any deficiency judgment.

■ The primary task of a court in construing a statute is to ascertain and give effect to the legislative intent. *Goebel v. Colorado Department of Institutions,* 830 P.2d 1036 (Colo.1992). In determining legislative purpose, a court first looks to the statutory language employed by the General

Assembly, giving the words their commonly accepted and understood meaning. *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990).

■ If the statutory language is clear and unambiguous, the court need not resort to statutory construction rules because it is assumed that the General Assembly meant what it 'said. *Boulder County Board of Equalization v. M.D.C. Construction Co.*, 830 P.2d 975 (Colo.1992). However, if the language is uncertain as to its intended scope and lends itself to alternative constructions, then a court may consider pertinent legislative history, the circumstances under which the statute was enacted, and the consequences of a particular construction. *Woodsmall v. Regional Transportation District, supra.*

The term "defense" means "that which is put forward to diminish plaintiff's cause of action or defeat recovery." *Black's Law Dictionary* 377 (5th Ed.1979). The term lends itself to alternative constructions—it could be interpreted as a partial defense, mitigating damages to be awarded, or as a complete defense barring recovery. Thus, we conclude that the statute is ambiguous.

Applying the rules of statutory construction, we next look to the pertinent legislative history. That history leads us to conclude that the intent of the General Assembly was to codify the good faith requirement set forth in *United Bank v. One Center Joint Venture*, 773 P.2d 637 (Colo.App.1989). *See* Partial Transcript of Tape Recorded Proceedings on S.B. 90–109, 57th General Assembly, 2d Session (March 7, 1990); 2A C. Krendl, § 2489 (3d ed. 1990).

In *United Bank v. One Center Joint Venture, supra*, at 639, this court upheld a decision of the trial court allowing the jury "to *adjust the deficiency* based on its finding related to the bank's bid." (emphasis added) And, after adjusting the deficiency, the jury rendered a verdict of zero damages for the bank because "no valid deficiency remained." *United Bank v. One Center Joint Venture, supra*, at 639.

Hence, the *United Bank* case permits the adjustment of the deficiency claim if the fact finder determines the bid at foreclosure is unconscionable.

In a later case, a division of this court held that "to the extent that such bid caused defendant damage, he should be placed in the position he would have enjoyed had ·a fair market value bid been made." *Four Strong Winds, Inc. v. Lyngholm*, 826 P.2d 414, 419 (Colo.App.1992). This rule is dispositive here.

Looking at the consequences of a particular construction also supports this interpretation of the ambiguity. If an inadequate bid were to bar a foreclosing party's deficiency claim, it might provide the defaulting party with a windfall.

Likewise, if the term "defense" were meant totally to defeat recovery of a deficiency, rather than to diminish it, then the remedy would more properly be invalidation of the foreclosure sale. *See Tekai Corp. v. Transamerica Title Insurance. Co.*, 39 Colo. App. 528, 571 P.2d 321 (1977); *Chew v. Acacia Mutual Life Insurance Co.*, 165 Colo. 43, 437 P.2d 339 (1968) (when bid was not made in good faith based on reasonable estimate of fair market value, sale was properly set aside and resale ordered). Here, however, the statute does not allow for setting the sale aside.

Thus, if the defaulting party proves that the sale was unfair because the foreclosing party did not meet the good faith requirement, then the amount of deficiency is a question of fact to be determined by the jury. *National Canada Corp. v. Dikeou*, 868 P.2d 1131 (Colo.App.1993). The "amount against the notes sued upon should be calculated as if a bid for the full, fair market value of the property had been made at the time of the foreclosure sale." *Four Strong Winds, Inc. v. Lyngholm, supra*, at 419.

In light of these considerations, we conclude that the trial court erred when it instructed the jury that an inadequate bid barred any recovery.

We note that the jurors could still have found that no deficiency existed if they had believed the owner's testimony that the fair market value was $112,000, since the total amount due on the note before the fore-

closure sale was only about $109,000. However, the jury was not given this opportunity.

By refusing to give an instruction that would allow the jury to assess the actual damages caused by the failure to submit a good faith fair market value bid, the court precluded the jury from making findings of fact integral to the Bank's deficiency claim. The error created was thus of significant proportion to warrant a new trial.

The judgment is reversed, and the cause is remanded for new trial consistent with this opinion.

JONES and NEY, JJ., concur.